# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

TERRANCE L. THOMAS,

    Petitioner,                                    Case No. 18-cv-11906

v.                                                      Honorable Thomas L. Ludington

MARK MCCULLICK,

    Respondent.

_____/

## ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 15, 2018, Petitioner Terrance L. Thomas, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner pled no contest in the Oakland County Circuit Court to the offenses of assault with intent to murder, Mich. Comp Laws § 750.83, felonious assault, Mich. Comp Laws § 750.82, carrying a dangerous weapon with unlawful intent, Mich. Comp Laws § 750.226, and possession of marijuana, Mich. Comp Laws § 333.7403(2)(D). Petitioner contends that his no contest plea was not entered knowingly, intelligently, and voluntarily. Respondent filed an answer to the petition on January 2, 2019, ECF No. 7. Petitioner replied on February 15. ECF No. 10.

**I.**

According to the preliminary examination transcript, Petitioner attacked a man at a bus stop, stabbing him multiple times in the shoulder and rib cage and slicing his face open. An onlooker intervened and suffered a cut to his hand during the intervention. (T. 3/4/2015, pp. 4-20).

Petitioner entered a no contest plea to assault with intent to murder, felonious assault, carrying a dangerous weapon with unlawful intent, and possession of marijuana. As part of the plea agreement, the prosecutor dismissed the "super" habitual offender charge, which carried a mandatory minimum of twenty-five years, in exchange for agreeing to charge Petitioner under the regular habitual offender statute.[1] The judge entered into a *Cobbs* agreement with the parties to sentence Petitioner to a minimum sentence of fifteen-years.[2] (T. 2/16/2016, pp. 4-6), ECF No. 8-2.

At sentencing, Petitioner moved to withdraw his plea, requesting to be sentenced at the bottom of the sentencing guidelines, rather than the fifteen-year minimum referenced in the *Cobbs* agreement. (T. 3/14/2016, pp.14, 19), ECF No. 8-4. The trial court judge denied Petitioner's motion finding that there was no basis to withdraw the plea because it was based on a *Cobbs* Agreement, which the Court followed when imposing sentence. (*Id.* at 20).

Petitioner's conviction and sentence were affirmed on appeal. *People v. Thomas,* No. 334776 (Mich. Ct. App. Feb. 16, 2017); *lv. den.* 500 Mich. 1062 898 N.W.2d 587 (2017). Thomas subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claim as in the Michigan Court of Appeals. On July 25, 2017, the Michigan Supreme Court denied the application because it was not persuaded that the questions

---

[1] Under Mich. Comp Laws § 769.12(1)(a), or what is sometimes referred to as the "super" habitual offender statute, a defendant faces a mandatory minimum twenty-five year sentence. *See People v. Broadnax*, No. 333205, 2018 WL 1733410, at *3 (Mich. Ct. App. Apr. 10, 2018), *lv. den.* 922 N.W.2d 110 (Mich. 2019).

[2] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. *See* M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x 701, 703 n. 1 (6th Cir. 2007).

presented should be reviewed by the Court. *People v. Thomas*, 898 N.W.2d 587 (Mich. 2017) (unpublished table decision).

Petitioner then had ninety days from July 25, 2017 to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Nor did he file any post judgment motions before the state court. Thus, his conviction became final on October 23, 2017 (the 90th day following the denial of leave to appeal), when the time period for seeking certiorari expired. *Bronaugh*, 235 F.3d at 283 (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). He timely filed his petition on June 15, 2018, presenting one claim for relief: "The guilty plea is invalid because it was not knowing and voluntary, in violation of defendant's state and federal constitutional rights, US Const., AMS V, VI; Const. 1963, ART 1, §§ 17, 20."

**II.**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-

21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)(internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases....
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied Petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "Where a state court's decision is unaccompanied by an explanation, the habeas Petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas Petitioner has presented a federal claim to a

state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99-100.

In the present case, the AEDPA deferential standard of review applies to Petitioner's claim where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

**III.**

Petitioner contends that his plea was not knowingly and freely given because it was not an intentional relinquishment of a known right or privilege when Petitioner, at sentencing, expressed confusion about the imposition of the fifteen-year minimum sentence. Petitioner claims that he should have been allowed to withdraw his plea at sentencing.

The only question on collateral review of a guilty or no contest plea is whether the plea was intelligent and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Hoffman,* 159 F. Supp. 2d at 655. A guilty or no contest plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. *Henderson v. Morgan*, 426 U.S. 637, 645, n. 13 (1976). A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must also be aware of the maximum sentence

that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

When a Petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). A habeas Petitioner bears the burden of rebutting the presumption that his plea, as evidenced by the plea colloquy, is valid. *Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

The record in this case establishes that Petitioner knowingly and voluntarily pleaded no contest to the charges. Petitioner was advised of the maximum penalties of the crimes that he was pleading to, as well as the rights that he would be giving up by pleading no contest. The terms of the plea agreement were explained on the record. Petitioner acknowledged that he was pleading no contest freely and voluntarily and that no threats or coercion had been made to get him to plead no contest. (T. 2/16/2016), ECF No. 8-3.

Petitioner was advised at the time of his no contest plea that he would receive a fifteen-year minimum sentence as part of the plea and sentencing agreement. Petitioner acknowledged that he understood that he would receive this as his minimum sentence. (T. 2/16/16, p. 10). Accordingly, Petitioner is unable to show that he had any reasonable belief that he would be sentenced to a minimum sentence below fifteen years. *See Wright v. Lafler*, 247 F. App'x 701, 705-07 (6th Cir. 2007).

To the extent that Petitioner claims that his plea was not voluntary or intelligent due to a break down in the attorney client relationship, his claim fails to identify any grounds for his contention. Furthermore, a breakdown in communication between a defendant and his attorney

over the advisability of accepting a plea bargain likewise does not invalidate an otherwise voluntary plea. *See United States v. Mitchell*, 633 F.3d 997, 1001-02 (10th Cir. 2011). There is no indication that Petitioner's plea was involuntary or coerced. Therefore, any alleged breakdown in communication between Petitioner and his attorney would not otherwise invalidate his plea. *Id.; see United States v. Blanco-Gaspita,* 48 F. App'x 998, 999 (6th Cir. 2002) (trial court's failure to appoint substitute counsel for defendant did not render the plea involuntary).

**IV.**

On March 22, 2019, well after briefing on his petition had been completed, Petitioner filed a "motion to hold habeas petition in abeyance." ECF No. 11. Petitioner states that he would like to pursue three unexhausted claims: "1) The State did not hold the Probable Cause Conference within 14 days in violation of MCL 766.4; 2) The Trial Court violated Petitioner's Sixth Amended right to a Speedy Trial; and 3) The evidence was constitutionally insufficient to support a conviction when the DNA evidence presented did not match the second victim." Petitioner asks the Court to hold his petition in abeyance so that he can pursue these unexhausted claims by filing a Motion for Relief from Judgment in state court pursuant to MCR 6.500.

There is no reason to hold the petition in abeyance. As Petitioner acknowledges, the current petition contains only exhausted claims (concerning the intelligence and voluntariness of his plea), which were properly presented for habeas review, were fully briefed, and are now ripe for adjudication. The claims presented in his "motion to hold in abeyance" are unexhausted and not timely before the Court. Accordingly, the Court has no basis upon which to hold his petition in abeyance. For the three new claims to be properly before the Court, Petitioner would have to amend his petition. Accordingly, the Court will construe his motion as a motion to amend his petition and, in addition, as a motion to hold in abeyance.

As explained above, Petitioner's conviction became final on October 23, 2017 (the 90th day following the Michigan Supreme Court's denial of leave to appeal). Thus, AEDPA's 1-year statute of limitations expired on October 23, 2018. 28 U.S.C. § 2244(d)(1)(A). Petitioner's initial petition on June 15, 2018 was timely. However, his three additional claims are not timely, as they were presented for the first time in his "motion to hold in abeyance" on March 22, 2019.

An untimely amendment to a habeas petition can nevertheless be considered if it "relates back" to the original petition. An untimely amendment to a habeas petition "relates back" to an original petition filed within AEDPA's one-year limitations period if the original petition and the amended petition arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B); *see also* 28 U.S.C. §§ 2242, 2244(d)(1).

The Supreme Court in *Mayle* defined the standard for relation back in the context of a habeas petition. There, Petitioner argued that his amended petition, which alleged his Fifth Amendment rights were violated during pretrial interrogation, related back to his original petition, filed *pro se*, where he argued that the admission of videotaped evidence during trial violated his rights under the Sixth Amendment's Confrontation Clause. 545 U.S. at 648–49, 651–52, 125 S.Ct. 2562. The Court emphasized that, in filing the petition, Petitioner must specify all grounds for relief, stating the facts supporting each ground. *Id.* at 649, 655, 661, 125 S.Ct. 2562. Consequently, it held that an amended habeas petition does not relate back to the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650, 125 S.Ct. 2562. Rather, to qualify for relation back, the original and amended petitions must "state claims that are tied to a common core of operative facts." *Id.* at 664, 125 S.Ct. 2562. The Court cautioned not to read the "conduct, transaction, or occurrence" requirement, so broadly as to render meaningless the statute of

limitations. *Id.* at 662–64, 125 S.Ct. 2562; *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir.), *cert. denied,* 138 S. Ct. 101, 199 L. Ed. 2d 28 (2017).

Here, Petitioner's original June 15, 2018 petition raised one claim for relief: "The guilty Plea is invalid because it is not knowing and voluntary, in violation of defendant's state and federal constitutional rights." His new claims regarding the timeliness of the probable cause hearing, the alleged speedy trial act violation, and the sufficiency of the evidence, are in no way connected to his original claim regarding the voluntariness of his no contest plea. Accordingly, the new claims do not relate back to the original petition.

AEDPA's one-year limitations period is not a jurisdictional bar, however, and is therefore subject to equitable tolling where a habeas Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Here, Petitioner is not entitled to equitable tolling. Petitioner makes no meaningful attempt to explain the delay in advancing these three additional claims. He only argues "that due to no fault of his own Petitioner has been denied the opportunity to master the record and present a meaningful appeal where both the state courts and his appellate counsel withheld the trial transcripts far beyond the deadline for filing a Standard 4 supplemental brief as well as the current 6.500 state motion for relief from judgment he now seeks to file." Notably, however, Petitioner did not go to trial. Rather, he pled no contest. Thus, the reference to the improperly withheld "trial transcripts" is not explained. He may be referring to all transcripts in the record (such as plea hearing transcripts, and preliminary exam transcripts) as "trial transcripts." Even so, he contends that the lack of access to these transcripts prevented him from presenting "a meaningful appeal," presumably referring to his direct appeal of his conviction and sentence

before the state courts. He does not contend that he lacked access to these transcripts as of the filing of his habeas petition or that he lacked access to these transcripts as of the expiration of the statute of limitations in October 2018. Moreover, he does not explain what facts the transcripts might reveal which gave him the impression that his constitutional rights were violated.

Finally, amending his petition to add the three additional claims would be frivolous. He contends that the state court did not hold a probable cause hearing within 14 days in violation of MCL 766.4. This claim is non-cognizable on habeas review because the procedure outlined in MCL 766.4 is not a federal constitutional right. Petitioner also claims that there was insufficient evidence to convict him of the crimes charged. Petitioner's no contest plea waives any challenge to the sufficiency of the evidence to convict him. *Post v. Bradshaw,* 621 F.3d 406, 426-27 (6th Cir. 2010). Petitioner's speedy trial claim is likewise waived. *See Maples v. Stegall,* 340 F.3d 433, 439 (6th Cir. 2003).

## V.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted. Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

## VI.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [ECF No. 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

It is further **ORDERED** that the motion to hold in abeyance, ECF No. 11, is **DENIED**.

 s/Thomas L. Ludington
 THOMAS L. LUDINGTON
 United States District Judge

Dated: April 22, 2019

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Terrance Thomas** #769198, ST. LOUIS CORRECTIONAL FACILITY, 8585 N. CROSWELL ROAD, ST. LOUIS, MI 48880 by first class U.S. mail on April 22, 2019.

 s/Kelly Winslow
 KELLY WINSLOW, Case Manager